IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELVIN ROSS, SR., JERRY ROSS,**
**TOM ROSS, KEN ROSS,**
**CYNTHIA ROSS, and GREG ROSS,**

      Plaintiffs,

vs.                                      No. CIV 07-01037 RB/ACT

**THE BOARD OF REGENTS OF THE**
**UNIVERSITY OF NEW MEXICO,**
**THE UNIVERSITY OF NEW MEXICO and the**
**OFFICE OF THE MEDICAL INVESTIGATOR,**
**MERRILL HINES, M.D. and**
**REBECCA IRVINE, M.D.,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion For Leave of Court to File Surreply, filed on June 12, 2008. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, this Court grants Plaintiff leave to file Document 29-2, in its entirety, as surreply to Defendant's Motion for Summary Judgment.

**I.    Background.**

Defendants filed their Motion for Summary Judgment on April 24, 2008 (Doc. 16). Defendants' Reply in Support of Motion for Summary Judgment introduced new evidence, including the Affidavit of Wendy Honeyfield (Exhibit A), a business record from the Office of the Medical Investigator (Exhibit AA), the Affidavit of Rebecca A. Irvine (Exhibit B), and Plaintiff Jerry Ross's contemporaneous notes (Exhibit C). Plaintiffs filed their Motion For Leave of Court to File Surreply on June 12, 2008 (Doc. 29), with the surreply attached as Exhibit 1 (Doc. 29-2). Defendants responded to Plaintiffs' Motion for Leave of Court to File Surreply presenting objections

only to portions of the surreply that raised additional arguments that could have been raised in their Response to Defendants' Motion for Summary Judgment (Doc. 32).

## II. Standard of Review.

Under D.N.M.Loc.R.Civ.P 7.4(b), "[t]he filing of surreply requires leave of the Court." Granting leave to file surreply is fully within the discretion of this Court. Fed.R.Civ.P. 56(c), however, implicitly requires the Court to allow the nonmoving party an opportunity to respond before summary judgment is entered against it. "[I]f the court relies on new materials or arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials." *Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998).

## III. Analysis.

As Defendant concedes, new evidence was introduced in Defendant's Reply In Support of Motion For Summary Judgment (Doc. 24). Plaintiff, therefore, is entitled to file surreply. The Court finds that the arguments and evidence presented in Plaintiffs' Surreply to Defendants' Reply to Defendants' Response to Defendants' Motion for Summary Judgment (Doc. 29-2) should be considered by the Court.

## IV. Conclusion.

**WHEREFORE, IT IS ORDERED** that Plaintiff's Motion for Leave of Court to File Surreply is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**